Dear Mr. Daniel:
This official opinion is issued in response to your following inquiries:
 1. Does the Missouri State Water Patrol have the authority to set up sobriety check points for investigatory stops to determine if the boat operator is intoxicated? All stops are made in a systematic order.
 2. If so, does this authority also extend to night-time hours?
 3. At sobriety checks during night-time hours, does a water patrol officer have the authority to ask for the certificate of registration for the boat?
 4. Does a Water Patrol Officer have the authority to make arrests for equipment violations determined through observation at the time of the sobriety check if this check is during night-time hours?
In Opinion No. 124, Wilson, 1979, copy enclosed, this office concluded that water patrolmen could not randomly and arbitrarily stop a watercraft without reasonable suspicion in order to inspect that boat for compliance with Chapter 306, RSMo, regulations, but that water patrolmen may set up an inspection check point for inspection of watercraft. This office's 1979 opinion was based on the Fourth Amendment analysis of the United States Supreme Court inDelaware v. Prouse, 440 U.S. 648, 99 St. Ct. 1391, 59 L.Ed.2d 660
(1979), which is developed at length in the 1979 opinion. The conclusion of this office in the 1979 opinion that inspection check points are permissible has firm support in the governing case law.See United States v. Villamonte-Marquez, 103 S.Ct. 2573, 2579, 2582
(1983), and cases cited therein. With regard to the specific matter of sobriety check point stops, Section 306.110.2, RSMo 1978,[1] states that "[n]o person shall operate any motorboat or vessel . . . while intoxicated or under the influence of any narcotic drug, barbiturate or marijuana." Moreover, Section306.200 authorizes any "peace officer" of the State of Missouri to enforce the provisions of Chapter 306, RSMo, and to arrest persons who violate those provisions. Under Section 306.165, water patrolmen have all the powers of a peace officer to enforce the laws of this state except for search and seizure. As explained on pages seven and eight of this office's 1979 opinion, the search and seizure prohibition enunciated in Section 306.165 does not bar water patrolmen from inspecting boats to determine compliance with the provisions of Chapter 306, RSMo, so long as particular items are not seized from aboard the boats. In sum, systematic sobriety check points for investigatory stops do not violate either the Constitution or Chapter 306, RSMo, and the Missouri State Water Patrol has authority to set up and operate such check points.
In response to your second inquiry asking whether the authority of water patrolmen to set up sobriety check points extends to night-time hours, this office points out that there is no constitutional road block to setting up or maintaining checkpoints at night. Delaware v. Prouse, supra, in fact involved a detention of a vehicle at night. 440 U.S. at 650. Thorough research of the case law has yielded only one case that discussed the constitutional import of night-time, as opposed to daytime, inspections. In that case, United States v. Ortiz, 422 U.S. 891, 894 (1975), the Supreme Court, in distinguishing permissible checkpoint stops from more intrusive roving-patrol stops, stated that "[r]oving patrols often operate at night on seldom-traveled roads, and their approach may frighten motorists." The fear on the part of motorists that concerned the Supreme Court in Ortiz is, of course, not a material issue, if an issue at all, in the case of much less discretionary inspection check point stops, where "the motorist can see that other vehicles are being stopped, he can see visible signs of the officers' authority, and he is much less likely to be frightened or annoyed by their intrusion." Delaware v. Prouse, supra at 657 (quoting Ortiz, 442 U.S. at 894-895). Thus, night-time sobriety inspection checks do not run afoul of the Constitution. Our inquiry, however, must also address any applicable statutory provisions.
Section 306.165 states in part: "Each water patrolman may board any boat during daylight hours for the purpose of making any inspection necessary to determine compliance with the provisions of this chapter." (Emphasis added.) The quoted language clearly shows that water patrolmen may not board boats for inspections during night-time hours. It is our understanding that the sobriety inspection checks would not entail boarding inspected boats. Thus, the statutory limitation in question would not bar the sobriety inspection checks. In sum, provided that water patrolmen do not board the boats they inspect, there is no constitutional or statutory bar to inspection checks conducted during night-time hours.
The responses to your third and fourth inquiries are also in the affirmative. Section 306.030.1 mandates that the owner of each vessel requiring numbering by this state to register his vessel by filing an application for number with the Missouri Department of Revenue. Upon receipt of the application in approved form, the Department of Revenue issues to the applicant a certificate of number stating the number awarded to the vessel, and a certificate of title, both of which state the name and address of the owner and the factory number or serial number of the vessel. Section 306.100
sets out the equipment requirements for watercraft. Section306.100.13 prohibits any person from operating a vessel which is not equipped as required by Section 306.100. As previously pointed out, Section 306.200 grants water patrolmen the authority to enforce all provisions of Chapter 306, RSMo, and to arrest violators thereof. Accordingly, water patrolmen may ask for boat operators' certificates of registration during both daylight and night-time hours, with the proviso again that no boarding take place during night-time hours to determine whether operators are in compliance with Section 306.030.1. Similarly, water patrolmen may make arrests for observed equipment violations at night if they do not board boats to check for equipment violations. In general, water patrolmen may arrest for any violation of Chapter 306, RSMo, so long as their inspections during night-time hours do not entail boarding any boat. Finally, although Section 306.165 prohibits boarding a boat for the purpose of making an inspection at night, the boarding of a boat at night to effect an arrest for violations of Chapter 307, RSMo, that have already been observed is permissible. Section 306.200.
CONCLUSION
It is the opinion of this office that water patrolmen have the authority to set up sobriety check points for systematically ordered stops to determine if boat operators are intoxicated during both daylight and night-time hours, provided that patrolmen do not board any boat for that purpose during night-time hours. Water patrolmen also have the authority to ask boat operators for certificates of registration and to make arrests for equipment violations determined through observation at sobriety checks conducted during night-time hours.
This opinion, which I hereby approve, was written by my assistant, Frank Rubin.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 124, Wilson, 1979
[1] All statutory references are to RSMo 1978, unless otherwise indicated.